### No. 144.—J. R. J. DANIELS *v.* E. K. HALL.

Two parties, Brooks and Norris, owned tracts of land adjoining, both included in the Caddo cession to the United States. Norris sold his tract to Hall. Brooks brought suit against Hall for a settlement of boundary. A plat of survey was made under an order of court rendered on the consent of parties, describing the metes and bounds of Hall's tract of land, and describing and marking other tracts contiguous thereto, and included in the same grant. Daniels afterwards purchased sixty-one acres of land, included in the same grant, and brings this suit against Hall for the same, who, he alleges, claims it as owner. The plat of survey, and the evidence in the record, shows that this sixty-one acres lies outside of the six hundred and forty acres purchased by Hall from Norris. Held—That the order of survey, rendered on consent of the parties, although not made in strict accordance with law, must be taken as a finality, and therefore the plaintiff must recover the land sued for, with rents and revenues.

APPEAL from the Tenth Judicial District, parish of Caddo. *C. C. Henderson,* (attorney at law), Special Judge, *vice* Levisee, J., recused. *Nutt & Leonard,* for plaintiff and appellee. *George Williamson,* for defendant and appellant.

TALIAFERRO, J. This suit seems to have been instituted in the year 1860 or 1861. The record is confused and incomplete. Some of its deficiencies are gotten over by admissions of counsel. The facts, as well as we are able to understand them, are, that Brooks owning a large body of land, embraced by the reservation in favor of the Grappe's in the Caddo cession of land to the United States. Norris had made a settlement upon this reservation, or near it, and claimed, by virtue of his title, six hundred and forty acres. Brooks disputing Norris's title, brought suit against him. Judgment was rendered in favor of Norris, who sold to Hall, the present defendant. In 1853, Brooks brought suit against Hall for settlement of boundary. An order of survey was rendered by the court on the twenty-ninth of December, 1853, and the survey, for aught that appears to the contrary, was made soon after by Watts, a surveyor, who returned a plat of survey. On this plat is marked a tract of six hundred and

forty acres, and adjoining it a tract of sixty-one acres, the land sued for in this case, as we suppose. The order under which this survey was made appears to have been rendered with some formality, upon the consent of parties, and is claimed to be a judgment between them. The order directs the manner in which the survey should be made, designating specially the direction and length of the lines to be run by references to plats to be furnished the surveyor, and to metes and bounds of other tracts. The present plaintiff, Daniels, who owns the land formerly Brooks', complains that Hall is in possession, illegally, of sixty-one acres of land. He prays to be decreed the owner of the sixty-one acres, and to be put into possession of the same as successor by purchase from said Brooks, according to the tenor and effect of "said judgment," fixing the boundaries between Brooks and Hall; and he prays judgment for fifteen hundred dollars, rents and profits of said land so illegally withheld, etc.

The answer is a general denial. The judge below considered that the survey made under the consent order, although not made in strict accordance with law, should be taken as a finality by consent between the parties, and he accordingly rendered judgment, decreeing the plaintiff owner of the land sued for, and that writs of possession issue; that plaintiff recover from the defendant one hundred dollars per month rent from first of January, 1866, until possession shall be given to the plaintiff.

The defendant appealed.

We conclude that the judgment should remain undisturbed. It appears to us, from the plat copied into the record, that the sixty-one acres of land contended for, lie outside of the tract of six hundred and forty acres owned by defendant, and make part of the plaintiff's lands. One of the witnesses says: "If Watts' survey is correct, then the greater part, if not the whole, of the land in controversy, lies outside of lateral lines running perpendicularly to the front lines, and embracing six hundred and forty acres." He says, further, that: "The lands adjacent and surrounding the Hall plantation are a part of the Grappe reservation." Another witness testifies that he was on Hall's plantation when the survey was made, and talked with him about the survey. Witness says Hall knew very well that the land in controversy was outside his boundaries, as fixed by Watts, the surveyor. Hall admitted that Watts told him he was making the survey under an order of the court, and according to law, as he understood it. Hall stated he would have nothing to do with the survey; that he had a right to have his claim located in a different manner than that in which Watts located it.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.